UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and DOES 1-10,<br><br>    Defendants. | No. 2:18-cv-02956-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY** |

Before the court is Plaintiff Scott Johnson's motion to stay proceedings against Defendant Starbucks Corporation ("Starbucks") pending appeal of two related cases: Johnson v. Blackhawk Centercal (3:17-cv-02454-WHA)("Centercal") and Nehemiah Kong v. Mana Investment Company, LLC (8:18-cv-01615-DOC-DFM)("Mana"). Mot. to Stay ("Mot."), ECF No. 12, 12-4, 12-5. Defendant opposed Plaintiff's motion and Plaintiff filed a reply. Opp'n, ECF No. 13; Reply, ECF No. 14. For the reasons set forth below, the Court DENIES Plaintiff's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 30, 2019.

1

I.  FACTUAL ALLEGATIONS

In November 2018, Plaintiff sued Starbucks seeking damages and injunctive relief under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and the Unruh Civil Rights Act, California Civil Code §§ 51-53; penalties under the Unruh Act; and attorneys' fees and costs. Compl. at 8:1-13, ECF No. 1. Plaintiff alleges he encountered two unlawful barriers to access at the Starbucks located at 6711 Madison Avenue in Fair Oaks, California. Compl. at ¶¶ 2-7, 12.

Plaintiff alleges two violations of the 2010 ADA Standards for Accessible Design, a transaction counter claim, and a merchandise basket claim. First, Plaintiff argues Defendant's transaction counter violated the ADA standards because the counter was crowded with merchandise and displays, and therefore noncompliant with the clear-counter-width requirement under §§ 904.4 and 904.4.1. Id. at ¶¶ 16, 17, 29-30. Plaintiff also contends a merchandise basket on the floor blocked his counter access, in violation of the required amount clear floor space under § 305.3. Id. at ¶¶ 18, 31-32.

Plaintiff argues a stay would lead to an efficient resolution of his claims because the cases pending before the Ninth Circuit "involve the same statutory and regulatory challenges" as this case. Mot. at 3:25-36. And because "there [are] no factual dispute[s]," resolution of the cases on appeal would resolve his current transaction counter claim. Id. Plaintiff argues there is "no new factual information to be uncovered" and there would be "no gain in litigation speed" if his suit continued to judgment without a stay, as the parties

have been "unable to resolve the cases piecemeal" and "any result reached in this case would ultimately be appealed by one side or the other" pending resolution of Centercal and Mana. Id. at 10-12, Reply at 2:16-18, ECF No. 14. Plaintiff also argues the issues can be bifurcated by a partial stay. Reply at 3:14-17.

Defendant argues a stay would unduly postpone resolution as Plaintiff's second claim, the merchandise basket claim, is not addressed by the cases pending appeal. Defendant also argues a stay would be unfairly prejudicial and cause needless delay as Defendant may need to wait years for the resolution of the counter issue before conducting discovery and moving for summary judgment on the merchandise basket claim. Opp'n at 3:13-17, ECF No. 13. Finally, Defendant argues a partial stay may result in double recovery for Plaintiff. Id. at 3:20-15, 4:1-5.

## II. OPINION

### A. Legal Standard

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justify a stay. Id. at 433-34; see Clinton v. Jones, 520 U.S. 681, 708 (1997). A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

To determine if a stay should be granted, the court weighs "the competing interests of the parties, considering: (1) the possible damage that may result from the grant of a stay, (2) the

hardship or inequity a party may suffer in being required to go forward with the case, and (3) the orderly course of justice." Wallis v. Centennial Ins. Co., No. 2:08-cv-02558 WBS, 2012 WL 292982, at *2 (E.D. Cal. Jan. 31, 2012) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

While judicial economy is a factor, the decision to issue a stay "does not hinge" on case management concerns alone. ASUSTek Comput. Inc. v. Ricoh Co., No. 07-cv-01942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007) (citing Landis, 299 U.S. at 255). Moreover, if there is "'even a fair possibility' of harm to the opposing party, the moving party 'must make out a clear case of hardship or inequity in being required to move forward.'" Edwards v. Oportun, Inc., 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (quoting Landis, 299 U.S. at 255.)

As neither party argues damage would result from a stay, the Court only examines hardship to the parties and the orderly course of justice factors.

B. Analysis

1. Hardship to the parties

Defendant argues because the instant case includes the additional merchandise basket/floor clearance issue, the court will have to adjudicate Plaintiff's merchandise basket claim regardless of the outcome in Blackhawk Centercal and Mana. Opp'n at 3:8-9. In the interim, Defendant may wait years before conducting discovery on the transaction counter issue. Id. at 3:12-15. Defendant correctly points out that a stay would prevent the court from disposing of the issues "unrelated to

4

those on appeal" as the merchandise basket/floor barrier claim would not be addressed by Mana or Centercal. See Dister v. Apple-Bay E., Inc., No. 07-cv-01377 SBA, 2007 WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007).

Additionally, Defendant argues even a partial stay would cause unnecessary delay and prejudice, because bifurcating the claims could result in double recovery. The Unruh Civil Rights Act provides for attorney's fees and a statutory minimum of $4,000 per visit, regardless of how many architectural barriers a plaintiff encounters during each visit. Defendant maintains if the Court grants a partial stay and Plaintiff ultimately prevails on both of his claims, Plaintiff could recover double the fine. Opp'n at 4:2-5.

On the other hand, Plaintiff would suffer little hardship from proceeding with his case. Because the merchandise basket claim remains regardless of the outcome of the cases pending appeal, the parties are still tasked with conducting discovery on that claim. In fact, the scope of discovery could extend beyond the merchandise basket claim, as Plaintiff's complaint alleges additional violations may exist and seeks for all barriers to be remedied. Compl. ¶ 26.

The hardship factor does not favor issuing a stay in this case. As in Dister, a stay here "would require both parties to simply sit and wait for months on the sidelines of their own action . . . [foreclosing] any possibility of the parties resolving their dispute in a timely fashion or of the Court disposing of issues unrelated to those on appeal . . ." No. 07-cv-01377 SBA, 2007 WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007).

Moreover, a partial stay would prejudice Defendant if bifurcation resulted in double recovery.

    2.   Orderly course of justice

Under the orderly course of justice factor, the question before the Court is simple: would a stay simplify or complicate the case at hand?  The orderly course of justice is "measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

Plaintiff argues a stay would simplify the resolution of this case because "the entirety of the dispute is based on the interpretation of statutory law, an ADAAG section, and the level of deference to be given to a DOJ interpretation of those laws."  Mot. at 4:17-20, ECF No. 12.  The Supreme Court recently issued a decision in Kisor v. Wilkie, a case that Plaintiff contends "modif[ies] the way courts are instructed to apply agency interpretations of regulations and statutes."  Reply at 3:3-9, ECF No. 14.  The crux of Plaintiff's argument is that, post-Kisor, the Ninth Circuit may give less deference to the Department of Justice's interpretation of the ADA standards.  For support, Plaintiff attaches Johnson v. Starbucks Corp., 3:17-cv-02454 (N.D. Cal. 2019).  ECF No. 12-2, Exh. A.  In Johnson, the DOJ filed an amicus brief interpreting the ADA guidelines on the countertop issue.  The court denied Plaintiff's motion for summary judgment, finding that "[a]s interpreted by the DOJ, and as held herein, the inquiry into whether a sales or service counter satisfied Section 904.4.1's length requirement turns on

6

the length of the counter as built, not on the length of the 'clear' counter space." Id.

But Plaintiff's argument that new authority may affect the amount of deference due to DOJ's interpretation of the ADA guidelines does not create a novel issue of law for which the district court must wait for the Ninth Circuit to interpret. Kisor did not overrule Auer or Seminole Rock deference. Rather, Kisor limited the deference afforded to an agency's interpretation of its own guidelines. Before Kisor, courts were required to "give an agency's interpretation of its own regulations controlling weight unless it is plainly erroneous or inconsistent with the regulation." Kisor v. Wilkie, 139 S. Ct. 2400, 2415 (2019). See also Turtle Island Restoration Network v. U.S. Dep't of Commerce, 878 F.3d 725, 733 (9th Cir. 2017) (holding that an agency's interpretation of its own ambiguous regulation is controlling unless "'plainly erroneous or inconsistent with the regulation,' or where there are grounds to believe that the interpretation 'does not reflect the agency's fair and considered judgment of the matter in question'"). Under Kisor, deference to the agency's interpretation (here, the ADA guidelines) is given if the agency's regulation is genuinely ambiguous and if the agency's interpretation is reasonable. Id. If the regulation is not ambiguous, then the "regulation then must mean what it means—and the court must give it effect, as the court would any law." 139 S. Ct. 2400, 2415 (2019).

Kisor's guidance is clear. Should the Department of Justice file an amicus brief interpreting the accessibility guidelines in this case for either the transaction counter claim or the

7

merchandise basket claim, the district court will assess how much deference to afford the agency's interpretation. But the case is not yet at that juncture; it may never be. Moreover, at this stage, it is unclear whether Plaintiff's merchandise basket claim will also trigger an interpretation of the accessibility guidelines. Therefore, bifurcating the claims would result in additional delay. Ordering a full or partial stay would unnecessarily complicate the resolution of this case.

### III. ORDER

On balance, Plaintiff has not demonstrated that the circumstances justify a stay. The Court therefore DENIES Plaintiff's motion to stay.

IT IS SO ORDERED.

Dated: August 26, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE