Rohit A. Sabnis, State Bar No. 221465
Arthur S. Gaus, State Bar No. 289560
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604-0119
---
1901 Harrison Street, Suite 1300
Oakland, California  94612-3523
Telephone:    (510) 444-6800
Facsimile:     (510) 835-6666
Email:          rsabnis@burnhambrown.com
                    agaus@burnhambrown.com

Attorneys for Defendant
STARBUCKS CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a<br>Washington Corporation; and DOES 1-10,<br><br>Defendants. | No. 2:18-cv-02956-JAM-AC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>DATE:   November 24, 2020<br>TIME:    1:30 p.m.<br>COURTROOM:  6, 14th floor<br><br>Complaint Filed:  November 12, 2018 |

Defendant STARBUCKS CORPORATION's Motion for Summary Judgment/Partial Summary Judgment and Request to Decline Supplemental Jurisdiction and Plaintiff SCOTT JOHNSON's Motion for Summary Judgment came on for hearing before this Court on November 24, 2020 before the Honorable John A. Mendez of the above-entitled Court. Bradley Alan Smith of Potter Handy, LLP appeared for Plaintiff.  Rohit A. Sabnis of Burnham Brown appeared for Starbucks.  After reviewing the parties' papers filed in support and in opposition in this matter, having heard oral argument, and for good cause appearing, it is hereby ORDERED that Starbucks Motion for Summary Judgment is GRANTED in its entirety

1

1   and that Plaintiff's Motion for Summary Judgment is denied in its entirety for the reasons

2   discussed below.

3        Plaintiff filed this matter on November 12, 2018.  (ECF Document ("Doc.") 1).  The

4   Complaint includes a cause of action for violation of the Americans with Disabilities Act of

5   1990 ("ADA") and a cause of action for Violation of the Unruh Civil Rights Act ("Unruh") (Cal.

6   Civ. Code §§ 51-53).  (Doc. 1).  .

7        Plaintiff is disabled and utilizes a wheelchair.  (Doc. 1 at ¶1).  He patronized the

8   Starbucks location at 6711 Madison Avenue, Fair Oaks, California between March and October

9   of 2018.  (Doc. 1 at ¶12).  He alleges that, under the 2010 ADA Standards for Accessible

10  Design, where the approach to a sales and service counter is a parallel approach, such as in this

11  case, there must be a portion of the sales counter that is no higher than 36 inches above the floor

12  and 36 inches in width, and must extend the same depth as the rest of the sales and service

13  counter top.  (Doc. 1 at ¶29 (*citing* 2010 Standards § 904.4 and 904.4.1)).  Plaintiff alleges

14  Starbucks violated the ADA because no such accessible, compliant transaction counter has been

15  provided.  (Doc. 1 at ¶30).  In particular, Plaintiff claims that Starbucks "crowded the transaction

16  counters with merchandise and displays, which narrowed the clear width of the counters to less

17  than 36 inches during each of plaintiff's visits" and that Starbucks has "no policy in place to

18  make sure that the transaction counters are kept clear for persons with disabilities."  (Doc. 1 at

19  ¶¶15-17).

20       Plaintiff also alleges that, on "a few" of his visits, Starbucks "placed a merchandise

21  basket in front of the transaction counters that obstructed the clear floor space Plaintiff needed to

22  reach the transaction counters."  (Doc. 1 at ¶18).  Plaintiff alleges that there must be clear floor

23  space of 30 inches minimum by 48 inches minimum in front of the counter under 2010

24  Standards § 305.3 and that, due to the placement of the basket, Starbucks failed to provide

25  sufficient clear floor space in violation of the ADA.  (Doc. 1 at ¶¶31-32).  Plaintiff claims

26  Starbucks violated 28 C.F.R. Section 36.211(a) by failing to maintain in operable working

27  condition these features of its facilities such that they were readily accessible and usable by

28

ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT            CASE NO. 2:18-cv-
                                                        02956-JAM-AC

persons with disabilities.  (Doc. 1 at ¶¶34-35).

Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination even if the issue recurs in the context of a different claim. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-1041 (9th Cir. 2017).  The Court finds Plaintiff's claim that he encountered a barrier to access due to the placement of merchandise on Starbucks transaction counter barred by issue preclusion.  These same parties have litigated to judgment the precise issue now before the Court on at least two prior occasions.  (*See Johnson v. Starbucks Corp.*, Case No. 19-157759, 818 Fed. Appx. 657, 2020 WL 3265063 (9th Cir. June 17, 2020) ("*Blackhawk*"); *Johnson v. Starbucks Corp.*, Case No. 2:18-cv-01886-WBS-EFB, 2020 WL 4042965 (E.D. Cal. July 17, 2020) ("*Watt Avenue*").  In the *Blackhawk* matter, the Ninth Circuit Court of Appeals, in a memorandum of disposition, affirmed the Northern District of California's granting of summary judgment in Starbucks favor involving the identical transaction counter claim alleged by Plaintiff in this case.  Similarly, in *Watt Avenue*, the Eastern District of California granted summary judgment in Starbucks favor again on the same transaction counter claim asserted by Plaintiff here.

In opposition to Starbucks motion in the matter before this Court, Plaintiff asserts that issue preclusion does not bar him from proceeding on his transaction counter claim because he is now making a distinct legal argument based on the usability of the counters, as opposed to their compliance with the architectural standards, that was not litigated in *Blackhawk* and *Watt Avenue*.  (Doc. 26 at 3:1-12).  However, as discussed beginning on page 4 of Defendant's Reply, the arguments raised by Plaintiff in opposition to Starbucks instant motion, including with regard to the usability of the counters, are identical to those he made and that were rejected in *Blackhawk* and *Watt Avenue*.  (Doc. 28 at 4:1-5:26).  Accordingly, issue preclusion bars Plaintiff from going forward with his cluttered transaction counter claim in this Court.  In addition, the Court finds that both *Blackhawk* and *Watt Avenue* are persuasive authority on the merits of Plaintiff's transaction counter claim.  The Court finds that the holdings in these cases are applicable to Plaintiff's transaction counter claim here and adopts the courts' legal analysis in

ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT

CASE NO. 2:18-cv-02956-JAM-AC

1  both matters finding that Starbucks was entitled to summary judgment.

2       With regard to the alleged clear floor space barrier, the Court finds persuasive

3  Starbucks argument made in its Reply Brief that there was no significant opposition by

4  Plaintiff to Starbucks motion on this claim.  (Doc. 28 at 7:8-25).  The photographs provided by

5  Plaintiff in support of this claim do not tend to demonstrate that inadequate clear floor space

6  was provided.  (Doc. 23-6, Exhibit 3, p. 12-13).  In addition, there was no sufficient evidence

7  or argument presented by Plaintiff raising a triable issue of material fact as to the clear floor

8  space claim.  Accordingly, the Court grants Defendant's Motion for Summary Judgment on

9  Plaintiff's ADA claim.

10       Finally, it is Plaintiff's stated position that his state law claim made under the Unruh

11  Act is entirely dependent upon the success or lack thereof of the federal ADA claim.  As such,

12  the Court grants summary judgment in favor of Starbucks on the Unruh Act claim as well and,

13  therefore, grants summary judgment in Starbucks favor on Plaintiff's case in its entirety.  The

14  Court denies Plaintiff's Motion for Summary Judgment in its entirety.  The Court has

15  previously issued a Minute Order and Judgment reflecting this ruling.

16       **IT IS SO ORDERED.**

17

18

19  DATED:  January 15, 2021          /s/ John A. Mendez

20                                   THE HONORABLE JOHN A. MENDEZ
                                     UNITED STATES DISTRICT COURT JUDGE
21

22  Approved as to form:

23

24

25  _____

26  Bradley A. Smith for Plaintiff Scott Johnson

27

28  4843-3295-8420, v. 1

                                        4

ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT          CASE NO. 2:18-cv-02956-JAM-AC